SCANNED

## IN THE CIRCUIT COURT OF MARYLAND FOR
## PRINCE GEORGE'S COUNTY

YVONNE WASHINGTON
2002 High Timber Road
Fort Washington, Maryland 20744

    **Plaintiff**

v.

    Case No. CAL22-18276

SAFEWAY, INC

D/B/A Safeway Store

Serve: Resident Agent
THE CORPORATION TRUST, INCORPORATED
2405 YORK ROAD
SUITE 201
LUTHERVILLE TIMONIUM MD 21093-2264

    **Defendant**

### COMPLAINT

Plaintiff Yvonne Washington ("Plaintiff"), by and through her attorney, Adam B. Katzen, Esquire, hereby sues Defendant Safeway, Inc, D/B/A "Safeway Store", and in support thereof states as follows:

### I. JURISDICTION AND VENUE

1. The subject incident occurred at a store owned and operated by Defendant located at 6235 Oxon Hill Road, Oxon Hill Prince George's County, Maryland.

2. Defendant is a Maryland Corporation that owns and operates a shopping center stores in Montgomery County, Maryland.

3. In accordance with § 6-202 et seq. of the MD. CODE ANN., CTS. & JUD. PROC. ART., venue is appropriate in Prince George's County.

EXHIBIT A

## II. STATEMENT OF FACTS

4. On or about June 29, 2019 at approximately 6:00pm Plaintiff was shopping at Defendant's business, located at 6235 Oxon Hill Road, Oxon Hill, Maryland.

5. At that same time and location, a large amount of liquid had accumulated on the floor near the rear of the store, creating a dangerous condition that was not immediately visible to its customers, including the Plaintiff.

6. As Plaintiff attempted to walk through the store, she slipped on the accumulated liquid and fell to the ground.

7. As a result of her fall, the Plaintiff sustained personal injuries, resulting in medical and related expenses, lost wages and physical and emotional pain and suffering.

8. That at all times relevant, Plaintiff was not contributorily negligent, nor did she assume the risk of injury.

### COUNT I
### Negligence

9. All allegations of fact set forth in paragraphs 1 through 8 are incorporated herein by reference and are said to be read as though repeated in full.

10. Plaintiff was considered a public invitee of the property owned and operated by the Defendant.

11. Defendant, by and through its agents, servants and/or employees had knowledge, constructive or actual, of the dangerous condition and knew or should have known that a significant amount of liquid was present, creating a dangerous condition.

12. Defendant, by and through its agents, servants and/or employees failed to provide an adequate warning to its customers of the dangerous condition. Moreover, Defendant failed to post signs or warnings of the danger, and failed to direct customers to stay clear of the area.

13. Defendant, by and through its employees and/or agents had a duty to use reasonable and ordinary care to keep the store safe for all invitees and to protect same from injury caused by any unreasonable risk, which Defendant, by and through its agents and/or employees, created, had knowledge of, or could have reasonably discovered.

14. That at all times relevant, Defendant was charged with the duty to inspect and maintain its store, and to warn invitees such as Plaintiff of the existence of any dangerous condition.

15. That notwithstanding the duty owed, as previously alleged Defendant failed to use reasonable and ordinary care to keep its store safe and free of defects.

16. That despite the aforesaid duties, Defendant failed to take steps to direct invitees around the hazard, to warn invitees of the conditions that existed, and to generally exercise reasonable care.

17. That as a direct result of Defendant's negligence, Plaintiff sustained injuries.

18. That as a further direct and proximate result of Defendant's negligence, Plaintiff has been caused to suffer great economic and non-economic damages, including but not limited to medical and rehabilitation expenses, loss of wages, physical and emotional pain and suffering.

**WHEREFORE**, Plaintiff Yvonne Washington demands judgment against Defendant Safeway, Inc., D/B/A Safeway Store in the amount of Five Hundred Thousand Dollars ($500,000.00) plus costs and interest.

Respectfully Submitted,

Adam B. Katzen, Esquire
1250 Connecticut Avenue, N.W.
Suite 700
Washington, D.C. 20036
Counsel for Plaintiff
202-261-3597

### CERTIFICATE OF ATTORNEY

**I HEREBY CERTIFY** that I am a member in good standing of the Bar of the State of Maryland.

Adam B. Katzen, Esquire



Kiernan Trebach LLP
1233 20th Street, NW
8th Floor
Washington, DC 20036
T: (202) 712-7000
F: (202) 712-7100
KiernanTrebach.com

Brent Martin
Paralegal
bmartin@kiernantrebach.com
(202) 712-7055

July 8, 2022

**VIA CERTIFIED MAIL – RETURN RECEIPT REQUESTED**
Clerk of Circuit Court
Prince George's County Circuit Court
14735 Main Street
Upper Marlboro, MD 20772

   RE: ***Yvonne Washington v. Safeway, Inc.***
      **Court: Circuit Court for Prince George's County, Maryland**
      **Case No. CAL22-18276**

Dear Clerk of the Court:

  Our office is requesting a certified copy of the civil complaint listed below. Per our conversation yesterday, please find attached the check for obtaining the complaint.

- **CAL22-18276**

  Please send a certified copy of the complaint to the Attn: of Brent Martin at Kiernan Trebach LLP, One Park Place, Suite 425, Annapolis, MD 21401.

  Should you have any additional questions or concerns, please do not hesitate to contact me at (202) 712-7055.

           Very truly yours,

           *Brent Martin*

           Brent Martin
           Paralegal

Enclosures

# IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

YVONNE WASHINGTON,     *

    *Plaintiff*,     *     Civil Case No. CAL22–18276

v.     *

SAFEWAY, INC.,     *

    *Defendant*.     *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT SAFEWAY, INC.

COMES NOW, Defendant Safeway, Inc. (hereinafter "Defendant" or "Safeway"), by and through its undersigned attorneys, Justin M. Cuniff, Carlos A. Uria, and KIERNAN TREBACH, LLP, and files its Answer and Affirmative Defenses (hereinafter "Answer") in response to Plaintiff Yvonne Washington's Complaint as follows:

### GENERAL DENIAL OF LIABILITY

Pursuant to Maryland Rule 2–323(d), Defendant generally denies all liability.

### FIRST DEFENSE
### (Failure to State a Claim)

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND DEFENSE
### (Contributory Negligence)

If Plaintiff sustained any damages, such were caused or contributed to by the sole and/or contributory negligence of Plaintiff.

### THIRD DEFENSE
### (Assumption of the Risk)

If Plaintiff sustained any damages as alleged, such were caused or contributed to by the knowing assumption of the risk of Plaintiff.

## FOURTH DEFENSE
### (Intervening Causation)

Plaintiff's alleged damages were directly and proximately caused by Plaintiff's own acts and conduct that intervened between Defendant's acts and conduct and Plaintiff's alleged damages, thereby barring any recovery by Plaintiff.

## FIFTH DEFENSE
### (Intervening Act by Co-Defendant/Third Parties)

Plaintiff's alleged damages were directly and proximately caused by the acts of omission and/or commission on the part of co-defendants and/or third-parties, which intervened between the acts and conduct of Defendant and Plaintiff's alleged damages, thereby barring any recovery by Plaintiff from Defendant.

## SIXTH DEFENSE
### (Intervening Act by Unidentified Third Parties)

Plaintiff's damages, if any, were caused by intervening and/or superseding acts of omission and/or commission on the part of unknown and/or unnamed third persons or entities over whom Defendant exercised no authority, dominion, or control.

## SEVENTH DEFENSE
### (Causation)

Plaintiff's alleged damages are not causally related to the events alleged in the Complaint.

## EIGHTH DEFENSE
### (Active Negligence v. Passive Negligence)

Even if Defendant is found negligent, which is expressly denied, such negligence was passive or secondary, and Defendant is not liable to Plaintiff for her alleged damages and injuries, if any, because of the active or primary negligence of co-Defendants/Third Parties over

whom Defendant had no control, whose negligence was not reasonably foreseeable, and whose negligence was the direct and proximate cause of any of Plaintiff's injuries or damages.

### NINTH DEFENSE
### (Failure to Mitigate Damages)

Plaintiff has failed to take due and appropriate care in the mitigation of her alleged damages and recovery therefore is barred in whole or in part.

### TENTH DEFENSE
### (Failure to Join Necessary Parties)

Plaintiff has failed to join all necessary parties.

### ELEVENTH DEFENSE
### (Duty of Care)

Plaintiff's claims must fail, in whole or in part, because Defendant did not breach any duty of care owed to Plaintiff.

### TWELFTH DEFENSE
### (Lack of Notice)

Defendant did not have actual or constructive notice of the alleged dangerous condition.

### THIRTEENTH DEFENSE
### (Preexisting Medical Condition)

Plaintiff's alleged injuries are due to the natural progression, development, complications, and/or exacerbation of Plaintiff's preexisting medical conditions and problems.

### SIXTEENTH DEFENSE
### (Denial of Allegations)

Defendant denies the allegations set forth in the Complaint.

### SEVENTEENTH DEFENSE
### (Reservation of Affirmative Defenses)

WHEREFORE, Defendant Safeway, Inc., requests that the Court dismiss Plaintiff's Complaint and award to it any further relief that the Court deems appropriate.

Dated: August 11, 2022

Respectfully submitted,

KIERNAN TREBACH, LLP

By: _____
Justin M. Cuniff (AIS #0512130183)
Carlos A. Uria (AIS #1212130231)
One Park Place, Suite 425
Annapolis, Maryland, 21401
Telephone:    443–263–2800
Facsimile:    443–263–2935
Email:  jcuniff@kiernantrebach.com
Email:  auria@kiernantrebach.com
**Counsel for Defendant Safeway, Inc.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 11th day of August, 2022, a copy of Defendant Safeway, Inc.'s, foregoing Answer and Affirmative Defenses was mailed, first class, postage prepaid, to:

Adam B. Katzen, Esq.
THE KATZEN LAW FIRM
1250 Connecticut Avenue, NW, Suite 700
Washington, D.C., 20036
**Counsel for Plaintiff Yvonne Washington**

_____
Carlos A. Uria, Esq.

4